UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DUANE E. ADAMS,

    Petitioner,

v.                                                             Case No. 5:20cv50-RV-HTC

MARK INCH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Duane Adams, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 challenging his conviction in Marion County, located in the Middle District of Florida and paid the filing fee. ECF Docs. 1 and 4. The petition was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B), and the Court directed the State to respond. ECF Doc. 5. The Respondent timely responded with a May 13, 2020 motion to transfer venue to the Ocala Division of the Middle District of Florida (ECF Doc. 8). On May 14, 2020, the Court issued an order for Petitioner to show cause within twenty-one (21) days why the case should not be transferred (ECF Doc. 9), to which Adams timely responded on May 27, 2020. ECF Doc. 10. Upon consideration of the motion to transfer and Petitioner's response, the

undersigned finds that the motion should be granted and, thus, recommends that this case should be transferred, over the objections of the Petitioner.

Petitioner is currently confined at Jackson Correctional Institution, which is in the Northern District of Florida. As stated above, Petitioner is challenging his judgment of conviction in the Circuit Court in and for Marion County, which is in the Middle District of Florida. *Id.* at 1. Because the Middle District is the district containing the state court in which Adams was convicted, Respondent moves to transfer the case to the Middle District for the convenience of witnesses and in the interests of justice.

Under 28 U.S.C. § 1404(a), the decision to transfer an action is left to the "sound discretion of the district court." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Also, 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Case No. 5:20cv50-RV-HTC

Respondent argues that while jurisdiction is proper in either the Northern or Middle Districts because they are the districts of confinement and conviction, respectively, the district of conviction is the most convenient for witnesses should an evidentiary hearing be necessary. *See Parker v. Singletary*, 974 F.2d 1562, 1582 n.118 (11th Cir. 1992) (courts should give great weight to the convenience of witnesses and ease of access to sources of proof when considering a habeas transfer under § 2241(d)); 28 U.S.C. § 1404(a) ("[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought"). The Middle District is the district where material events took place and the location where records and witnesses pertinent to the claims are likely to be found. Thus, "petitions challenging a conviction preferably are heard in the district of conviction." *See Laue v. Nelson*, 279 F.Supp. 265, 266 (N.D. Cal. 1968).

Petitioner argues, however, that the Northern District is the more appropriate venue for "purposes of neutrality and objectiveness" because he is "prejudiced by media exposure due to the high profile nature of his case and avers that proceedings in Ocala or Marion Co. in general would be inherently tainted." ECF Doc. 10. Petitioner has not made a sufficient showing of potential prejudice. A prejudice-by-media-exposure claim requires that the publicity be so pervasive, prejudicial and inflammatory that it renders a fair trial impossible. *See Coleman v. Kemp*, 778 F.2d

1487, 1490 (11th Cir. 1985) (a defendant seeking a change of venue based on pretrial publicity must make the showing that "pretrial publicity is sufficiently prejudicial and inflammatory and the prejudicial pretrial publicity saturated the community where the trials were held."). Adams has not provided any details about whether the publicity was "prejudicial," "inflammatory" or "pervasive."

Additionally, protections against undue pretrial publicity "derive from the Fourteenth Amendment's due process clause, which safeguards a defendant's Sixth Amendment right to be tried by 'a panel of impartial, "indifferent" jurors.'" *Irvin v. Dowd,* 366 U.S. 717, 722 (1961). Given that this matter is pending on a petition for habeas corpus relief, which will be decided by a judge and not a jury, any prejudicial risk of pretrial publicity is greatly reduced.

Finally, improper venue based on presumed prejudice from pretrial publicity is "rare[ly]" applicable . . . and is reserved for an 'extreme situation.'" *Coleman v. Kemp*, 778 F.2d 1487, 1490 (11th Cir. 1985) (citing *Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 554 (1976)). In fact, the Eleventh Circuit stated, "our research has uncovered only a very few additional cases in which relief was granted on the basis of presumed prejudice." *Id.* Petitioner has not established that this is the rare case where prejudice from pretrial publicity should be presumed.

Accordingly, it is RECCOMENDED:

1. That the Respondent's Motion to Transfer Case to the Middle District of Florida (ECF Doc. 8) be GRANTED.

2. That the clerk TRANSFER this case to the United States District Court for the Middle District of Florida.

3. That the clerk close the file.

DONE AND ORDERED this 17th day of June, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.